# CASES

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Bonsall Avenue.

*Road law—Railroads—Crossing—Quarter sessions—Jurisdiction.*
The court of quarter sessions has no jurisdiction to entertain a petition by a railroad company to enjoin supervisors from opening an ordinary highway already laid out and confirmed, on the ground that such opening involved the establishment of a grade crossing.

Argued Nov. 21, 1900. Appeal, No. 217, Oct. T., 1900, by the Philadelphia and Baltimore Central Railroad Company, from order of Q. S. Delaware Co., dismissing a petition to enjoin supervisors from opening a road, in the Matter of Bonsall Avenue. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Petition to enjoin supervisors from opening a public road.
The averments of the petition are set forth in the opinion of the Superior Court.
The court of quarter sessions dismissed the petition.

*Error assigned* was in dismissing the petition.

*George Stuart Patterson* with him *John J. Pinkerton*, for appellant.—The court should either unqualifiedly approve or disapprove the road laid out and returned. Unless satisfied of the

necessity for the road, under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers: In re Public Road in Benzinger Township, 115 Pa. 436.

It is confidently asserted that even if the court below had approved the report of the jury of view, it was quite within their powers to have reconsidered the report after appellant's petition had been filed and controlled its operation, even after final confirmation: Trickett on Pennsylvania Road Law, 171.

The entire policy of the law in Pennsylvania, both legislative and judicial, is opposed to grade crossing: Act of February 19, 1849, P. L. 79; Abington Township v. North Pennsylvania R. R. Co., 12 Pa. C. C. R. 118: Act of June 19, 1871, P. L. 1360; Perry Co. R. R. Co. v. Newport, etc., R. R. Co., 150 Pa. 193; Pittsburg & Connellsville R. R. Co. v. Southwest Penna. Ry. Co., 77 Pa. 173; Scranton & Pittston Traction Co. v. Delaware & Hudson Canal Co., 180 Pa. 636; Penna. R. R. Co. v. Warren St. Ry. Co., 188 Pa. 74; Bryner v. Youghiogheny Bridge Co., 190 Pa. 617.

*V. Gilpin Robinson*, for appellee.—The court had no jurisdiction to make the order prayed for.

There is no inherent power in the court of quarter sessions to control the crossing of railroads by public roads other than through the general laws regulating the laying out and opening of public roads: Bryner v. Youghiogheny Bridge Co., 190 Pa. 628.

The finding of the jury (the tribunal fixed by the law to settle the question of necessity) is entitled to the same consideration as the finding of other juries. The court has no power over it except to approve of it or set it aside. The court may either reject or confirm it, but they cannot alter it, for then it is no longer the act of the jury: In re Road from Herr's Mill to Columbia Turnpike Road, 14 S. & R. 204; In re Public Road in Benzinger Township, 115 Pa. 438.

OPINION BY BEAVER, J., January 22, 1901:

Prior to the decree of the court, confirming the report of viewers, from which an appeal to No. 104 of October term, 1900, was taken and in which an opinion has just been filed, the pe-

tition of the Philadelphia & Baltimore Central Railroad Company was presented in the court below, setting forth the petition for the order to view and lay out, the report of the viewers and the confirmation nisi of said report in the road proceeding referred to : " That the supervisors of the township of Upper Darby have commenced the work of opening said street and are about to lay out and open the same across the tracks of the Philadelphia & Baltimore Central Railroad Company, your petitioner, at grade; that a plan is annexed to this petition, showing in detail the streets and grade crossings in this locality as of April 23, 1890; that it appears from said plan that at the point where the proposed road crosses the tracks of the Philadelphia & Baltimore Central Railroad Company there are four crossings within a stretch of 975 feet and that at this point between seventy-eight and 100 trains pass daily." Other facts are set forth to emphasize the inconvenience and danger of a grade crossing at the proposed location of the new road, the petition ending with a prayer " that an order be issued by this court to the supervisors of the township of Upper Darby, directing them not to open Bonsall Avenue, as above described, at grade, crossing the tracks of the railroad of your petitioner, until further hearing and order of this court."

Whatever may be said as to the undesirability and danger of grade crossings (and much has been said of late in the decisions by the Supreme Court and of this court in reference to crossings at grade by steam or trolley roads of other steam roads) we know of no case in which a prayer for an order to restrain the supervisors from opening an ordinary highway already laid out and confirmed was addressed to or heeded by any of our courts. In all cases of railroads crossing each other the appeal has been to the court of common pleas, which has equity jurisdiction and powers specially conferred by acts of assembly. The court of quarter sessions, however, has no such jurisdiction in any case, and we are unable to see how the court below could have legally entertained the petition offered, and granted the relief sought. It is only necessary, therefore, for us to say, so far as this proceeding is concerned, that the court of quarter sessions had no jurisdiction whatever and that its decree dismissing the petition is confirmed and the appeal dismissed at the cost of the appellant.